UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Karen Moore, | ) | C/A No.: 2:13-1745-RMG-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| United States Congress, | ) | |
| U.S. House of Representatives, | ) | |
| | ) | |
| Defendant(s). | ) | |

Plaintiff, proceeding *pro se*, filed this matter on June 26, 2013 pursuant to 42 U.S.C. § 1983 against the United States Congress. Plaintiff alleges, *inter alia*, that:

> " ... 5 U.S.C. § 507(a) and (b) of US Copyright Law is unconstitutional in that it bars my rights under The First Amendment by discriminating against me as outlined in the Title 1 of the Americans with Disabilities Act of 1990 (ADA) to bring a pleading to court within a specific period of time."

[ECF No. 1, p. 1].

In the body of her Complaint, she states, in part:

> "...the statute of limitations bars persons with disabilities who may not be cognizant or aware of the fact they have been infringed upon time to exercise that first amendment right."

Id.

She also states:

> "Because of a mental disability (Post Traumatic Stress Disorder, ...) I was unable to file within the statute of limitation requirement of 3 years regarding copyright infringement in Federal District Court."

1

Id. at 2.

In her prayer for relief she asks that:

"... the 113th Congress address[ ] the following: (1) That exemptions to the statute of limitations to bring a lawsuit under the current copyright law be implemented with the South Carolina law S.C. § 15-3-50 and § 15-30-60 as a template to protect the following: a. Mentally ill (i.e. Post Traumatic Stress Disorder); b. unable to discover the wrong doing before the time limitation and can prove such (i.e., military personnel who have been deployed, coma patients, prisoners without internet or other access to discover the infringement.)."

Id. at 2.

## **Discussion**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989). Although this court is also required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*, even when considered

2

under this less stringent standard, the *pro se* complaint here is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Plaintiff may not challenge the actions of the individual members of the United States Congress (House and Senate) because they have legislative immunity. *See* Bogan v. Scott-Harris, 523 U.S. 44 (1998) (legislators at all levels of government are entitled to immunity for "legislative activities"); Tenney v. Brandhove, 341 U.S. 367 (1951)(committee and its individual members were acting in the sphere of legitimate legislative activities). *See also* Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, 440 U.S. 391, 403 (1979) (legislative immunity extends to "regional" legislatures). Furthermore, a federal district court may not ask present or former members of legislative bodies why they passed or did not pass a particular statute, or why they authorized funds for one purpose and did not authorize funds for another purpose, or instruct them to pass or not pass legislation. South Carolina Education Association v. Campbell, 883 F.2d 1251 (4th Cir. 1989)(legislation did not fall into any exception that would justify judicial inquiry into legislative motive). *Cf.* Sea Cabin on Ocean IV Homeowners Association v. City of North Myrtle Beach, 828 F. Supp. 1241, 1242 n. 1 (D.S.C. 1993)(mayor sued in his official capacity enjoys absolute legislative immunity from suit in Section 1983 action); Roach v. Van Riswick, MacArth. & M. 171, 1879 WL 16515 (D.C.D.C. 1879)("[o]ne of the settled maxims of constitutional law is, that the power conferred upon the legislature to make laws cannot be delegated by that department to any other body or authority). Therefore, Plaintiff cannot pursue the relief she seeks in this Court. Her path for relief, if it is to be had, is with Congress itself.

3

## **RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.

_____
Bristow Marchant
United States Magistrate Judge

July 18, 2013
Charleston, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

4



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



5